NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JONATHAN MCBRYDE,<br><br>Plaintiff,<br><br>v.<br><br>CONTINENTAL AIRLINES, INC.,<br><br>Defendants. | Civil Action No. 09-4112(SRC)<br><br>OPINION |

**CHESLER**, District Judge

This matter comes before the Court on the motion by Defendant Continental Airlines, Inc. ("Defendant" or "Continental") to dismiss Plaintiff's Complaint for wrongful discharge. Plaintiff Jonathan McBryde has opposed the motion to dismiss. After consideration of the parties' briefing, the Court has determined that it will grant the motion and dismiss the Complaint with prejudice. In the following discussion, the Court gives its reasons for the decision.

**I.    BACKGROUND**

On or about October 3, 2007, Continental terminated the Plaintiff following his arrest for assaulting a coworker. Plaintiff asserts that his termination was a violation of both company and public policy. Specifically, Plaintiff alleges that Continental violated its own policy by refusing to adjourn an internal appeal hearing, by not questioning witnesses and by not terminating another employee who was also involved in a physical altercation. Furthermore, Plaintiff alleges

that his due process rights under the U.S. and New Jersey Constitutions were violated.

## II. DISCUSSION

### A. Standard of Review

Defendant brings this motion pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the claims asserted in the Complaint for failure to state a claim upon which relief may be granted. When evaluating the sufficiency of claims, the Court must apply the plausibility standard articulated by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). In Twombly and Iqbal, the Supreme Court stressed that a complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556.)

The cases are also clear about what will not suffice: "threadbare recitals of the elements of a cause of action," an "unadorned, the-defendant-unlawfully-harmed-me accusation" and conclusory statements "devoid of factual enhancement." Id. at 1949-50; Twombly, 550 U.S. at 555-57. While the complaint need not demonstrate that a defendant is *probably* liable for the wrongdoing, allegations that give rise to the mere *possibility* of unlawful conduct will not do. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 557. The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Phillips v. County of Allegheny, 515

F.3d 224, 234 (3d Cir. 2008) (relying on Twombly to hold that to survive a motion to dismiss a Complaint must assert "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element").

The Court must consider the Complaint in its entirety and review the allegations as a whole and in context. Iqbal, 129 S.Ct. at 1950. In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the allegations of the complaint, documents attached or specifically referenced in the complaint if the claims are based upon those documents and matters of public record. Winer Family Trust v. Queen, 503 F.3d 319, 327 (3d Cir. 2007).

### B. Legal Analysis

#### 1. Violation of Company Policy

Plaintiff's first claim is that he was wrongfully discharged in violation of company policy. In support of this claim, Plaintiff alleges that Continental violated its own policy by refusing to adjourn his appeal, by not interviewing witnesses, and by not terminating another employee who was also involved in a physical altercation. Defendant argues that both Continental's policies and Plaintiff's signed agreement demonstrate that Plaintiff has no contractual rights. The Court agrees. Under New Jersey law, an employee cannot recover for breach of a company policy unless the policy is considered contractual as identified in Woolley v. Hoffman LaRoche, Inc., 491 A,2d 1257, 1271 (N.J. 1985). Plaintiff explicitly agreed in writing that he was an employee at will and may be terminated "with or without cause or notice." Where an employee agrees in writing that his employment is at will, such an agreement generally prevents claims arising from personnel policies. Radwan v. Beecham, 850 F.2d 147, 150-151 (3d Cir. 1988); McDermott v. Chilton Co., 938 F. Supp. 240, 245-46 (D.N.J. 1995).

Furthermore, the violations alleged are not violations of the company handbook. Plaintiff alleges that Continental violated its own policy by refusing to adjourn his appeal. The company handbook, however, states that "[t]ermination of employment generally occurs when the Performance Improvement Process is unsuccessful or *when the severity of an incident warrants immediate termination*." (emphasis added). Therefore, the Performance Improvement Process need not always be followed before an employee may be properly terminated. The handbook also states that an adjournment is possible when "both the team member and the hearing manager agree on an extension." There is no indication that an extension was agreed to by the relevant parties. Furthermore, Plaintiff's argument that Continental violated its company policies because Continental did not terminate another employee who was allegedly involved in a physical altercation is unpersuasive. The appeals policy explicitly states that "[a]ll decisions are non-precedent setting."

Plaintiff's allegations regarding the refusal to adjourn, the failure to interview witnesses and the treatment of another employee fail to state a claim upon which relief may be granted. Plaintiff fails to allege any Continental policy that would have been violated by any of the alleged conduct. Plaintiff has failed to allege "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570.

**2. Violation of Public Policy**

Plaintiff also alleges that he was wrongfully discharged in violation of his rights under the U.S. and New Jersey Constitutions. There is, however, no indication that any such rights apply

4

to private employment actions. <u>Kreschollek v. Southern Stevedoring Co.</u>, 223 F.3d 202, 205-08 (3d Cir. 2000) (holding that due process claims against a private employer fail due to absence of state action); <u>Downey v. Coalition Against Rape And Abuse, Inc.</u>, 143 F. Supp. 2d 423, 438 (D.N.J. 2001). Consequently, Plaintiff has failed to state a claim for violation of public policy.

### III.  CONCLUSION

Plaintiff's claims for violation of company and public policy fail to state a claim upon which relief may be granted. The Complaint will accordingly be dismissed with prejudice. An appropriate Order will be filed.

    s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: October 6th, 2009