<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JONATHAN MCBRYDE, | : | |
| | : | Civil Action No. 09-4112 (SRC) |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| CONTINENTAL AIRLINES, INC. | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

**<u>CHESLER</u>**, District Judge

     This matter comes before the Court upon the motion to remand (docket item # 13) filed by Plaintiff Jonathan McBryde.  The Court has considered the papers submitted by the parties.  It rules based on those submissions pursuant to Federal Rule of Civil Procedure 78.  For the reasons discussed below, Plaintiff's motion to remand will be denied.

## I.    BACKGROUND

     Plaintiff, former employee of Continental Airlines, Inc. ("Defendant" or "Continental"), brought an action based on wrongful termination.  Plaintiff alleges that he was falsely accused of attacking another employee and wrongfully discharged in violation of both company and public policy.

## II.   DISCUSSION

### A.   Standard of Review

Upon a motion to remand, the removing party bears the burden of demonstrating that removal was proper.  Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).  The removing party thus bears the burden of proving that jurisdiction is proper in federal court.  Id. Further, removal statutes are strictly construed, with all doubts to be resolved in favor of remand. Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992).

### B.   Discussion

For federal jurisdiction to exist, the Court must have original jurisdiction based on diversity, 28 U.S.C. § 1332, or on federal question, 28 U.S.C. § 1331.  Plaintiff argues in this motion to remand that this Court does not posses either diversity jurisdiction or federal question jurisdiction.[1]  Plaintiff, however, confuses in personam jurisdiction for personal jurisdiction purposes, with diversity jurisdiction for subject matter jurisdiction purposes.  For diversity jurisdiction to exist, Plaintiff must be a citizen of a different state than all Defendants and the amount in controversy must exceed $75,000, exclusive of interest and costs.[2]  Plaintiff, a citizen of New Jersey, argues that diversity does not exist as Continental has sufficient minimum contacts to be subject to jurisdiction in the State of New Jersey.  Continental's contacts with New Jersey are irrelevant in determining its citizenship for purposes of diversity jurisdiction.  As a corporate entity, Continental is a citizen of its principal place of business and state of

---

[1]The Court will not address the federal question issue as this time, as the Court does posses jurisdiction under diversity of citizenship.

[2] 28 U.S.C. § 1332(a).

incorporation.  International Milling Co. v. Columbia Transp. Co., 292 U.S. 511, 511 (U.S. 1934).  As put forth in Defendant's Notice of Removal, Continental is a corporation incorporated in Delaware, with its principal place of business in Houston, Texas.  As Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs, this Court has proper jurisdiction.

## IV.   CONCLUSION

This Court has jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332.  Accordingly, Plaintiff's motion to remand will be denied.  An appropriate form of order will be filed together with this Opinion.

    s/ Stanley R. Chesler    
Stanley R. Chesler, U.S.D.J

DATED: October 6th, 2009